**FILED**

**March 24, 2026**

C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **T.H. and S.H.-1**

**No. 25-284** (Randolph County CC-42-2024-JA-5 and CC-42-2024-JA-6)


## MEMORANDUM DECISION


Petitioner Father S.H.-2[1] appeals the Circuit Court of Randolph County's April 7, 2025, order terminating his parental rights to T.H. and S.H.-1, arguing that the circuit court erred in denying him an improvement period, that termination was not the least restrictive alternative, and that the DHS failed to conduct multidisciplinary team ("MDT") meetings throughout the case.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In January 2024, the DHS filed an abuse and neglect petition alleging, in pertinent part, that the petitioner had a substance abuse problem, was physically violent towards the mother and S.H.-1 while T.H. was present, and that T.H.'s room at the petitioner's home was unfit as it was very cluttered and presented a danger to the child. According to the parties, the petitioner was later arrested and charged with the felony offense of third-offense driving while license revoked for driving under the influence.

In October 2024, the circuit court held an adjudicatory hearing. The petitioner stipulated to the allegations of substance abuse and domestic violence, which the court accepted. As such, the petitioner was adjudicated as an abusing and neglecting parent of the children. Additionally, the court ordered that the petitioner undergo a parental fitness evaluation and participate in drug screening. The petitioner then moved the court to grant his written motion for either a post-adjudicatory or post-dispositional improvement period. However, the court held the petitioner's motion in abeyance pending the results of the parental fitness evaluation. Lastly, the court denied visitation with the children pending the petitioner's consistent participation in drug screens and participation in the psychological evaluation.

---

[1] The petitioner appears by counsel Gregory R. Tingler. The West Virginia Department of Human Services ("DHS") appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Carl E. Hostler. Counsel Melissa Roman appears as the children's guardian ad litem ("guardian").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Additionally, because one of the children and the petitioner share initials, we use numbers to differentiate them.

In March 2025, the circuit court held a dispositional hearing. The DHS presented the results of the petitioner's parental fitness evaluation, which stated that he "currently [did] not have the parental capacity to care for his children; however, through parenting and anger management courses, he could learn skills to successfully parent his children." Furthermore, the evaluator highlighted that the petitioner underrepresented his issues of substance abuse and domestic violence as he denied ever being physically violent, having a substance abuse disorder, or needing rehabilitation treatment, and blamed others for both the domestic violence altercations and his recent arrest. The petitioner did not testify. Instead, the petitioner's counsel confirmed that the petitioner had been convicted after his arrest earlier in the proceedings and was currently incarcerated for a sentence of one to three years but would soon become parole eligible. Additionally, counsel proffered that during this incarceration, the petitioner had participated in anger management and substance abuse classes. The guardian raised concerns that the petitioner had missed several drug screens prior to his incarceration and had not fully participated in this service as required. Paired with this issue, the guardian also proffered that the petitioner had appeared at S.H.-1's place of employment despite the court's no-contact order, which resulted in S.H.-1 becoming very distraught.[3] Ultimately, the circuit court found that the petitioner failed to show that he was truly willing to treat or recognize his substance abuse issues, failed drug screens, continued to minimize his actions and addiction, did not have the parental capacity to care for his children, and that, due to his current incarceration, was precluded from participating in services, such as parenting and domestic violence prevention classes, group therapy, and continued drug screening. Based on this evidence, the circuit court found that there was no reasonable likelihood that the petitioner could substantially correct the conditions of abuse and/or neglect in the near future. Considering the children's need for permanency, the circuit court further found that termination was necessary for the children's welfare. As such, the court denied the petitioner's motion for an improvement period and proceeded to terminate his parental rights to T.H. and S.H.-1.[4] It is from the circuit court's dispositional order that the petitioner now appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). The petitioner first asserts that the circuit court erred by denying his motion for either a post-adjudicatory or post-dispositional improvement period. We disagree. Under West Virginia Code § 49-4-610(2)(B) and (3)(B) a parent *may* be granted an improvement period if the parent "demonstrates, by clear and convincing evidence, that [he or she] is likely to fully participate in the improvement period." However, as we have explained, "[f]ailure to acknowledge the existence of the problem, . . . results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense." *In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re Charity H.*, 215 W. Va. 208, 217, 599 S.E.2d 631, 640 (2004)). Here, despite stipulating to and being

---

[3] S.H.-1 was seventeen years old at the time. Additionally, this no-contact order applied only to S.H.-1 as according to the guardian, the petitioner was eventually granted visitation with T.H.

[4] The mother's parental rights were also terminated. The permanency plan for T.H. is adoption in the current placement. S.H.-1 has reached the age of majority.

adjudicated for domestic violence and substance abuse, the petitioner continued to deny these issues as outlined in the report from his parental fitness evaluation. Furthermore, the petitioner demonstrated willful noncompliance with the circuit court's order to both fully participate in drug screening and refrain from contacting S.H.-1. As such, the circuit court did not err in denying the petitioner's motion for an improvement period and proceeding to termination. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) ("The circuit court has the discretion to refuse to grant an improvement period when no improvement is likely.").

The petitioner further argues that the circuit court erred in terminating his parental rights as this was not the least restrictive alternative. Once again, we disagree. We have consistently held that "[t]ermination of parental rights . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (quoting Syl. Pt. 2, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980)). According to West Virginia Code § 49-4-604(d), "'[n]o reasonable likelihood that conditions of neglect or abuse can be substantially corrected' means that . . . the abusing adult . . . [has] demonstrated an inadequate capacity to solve the problems of abuse or neglect on [his] own or with help." Furthermore, "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened" before terminating parental rights. *In re Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, Syl. Pt. 4, in part (quoting *In re R.J.M.*, 164 W. Va. at 496, 266 S.E.2d at 114, Syl. Pt. 1, in part). Here, the evidence showed that the petitioner did not benefit from the classes he participated in or that such courses had improved his ability to parent. Compounded with this lack of improvement, the petitioner failed to acknowledge the problems of abuse and neglect, rendering such issues untreatable as discussed above. As such, the circuit court had sufficient evidence to find that there was no reasonable likelihood that the petitioner could substantially correct the conditions of abuse and/or neglect in the near future. The court also considered the need to provide permanency for the children, supporting its conclusion that termination was necessary for the children's welfare. Thus, we conclude that the circuit court did not err in terminating the petitioner's parental rights to T.H. and S.H.-1. *See* W. Va. Code § 49-4-604(c)(6) (permitting circuit courts to terminate parental rights upon finding that there is no reasonable likelihood that the conditions can be substantially corrected in the near future and when necessary for a child's welfare).

Lastly, the petitioner asserts error in the DHS's failure to conduct timely MDT meetings throughout the case. West Virginia Code § 49-4-405(d) and Rule 51(c) of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings both dictate that MDT meetings must be held "at least every three months" until the case is dismissed from the court's docket. Here, the DHS failed to follow such requirement, which also violated various orders from the circuit court. However, the record also reflects extensive evidence of the petitioner's noncompliance with the services afforded to him by the DHS as well as his inability to acknowledge his abusive and/or neglectful conduct. As we have explained, "a mere procedural technicality does not take precedence over the best interests of the children." *In re Tyler D.*, 213 W. Va. 149, 160, 578 S.E.2d 343, 354 (2003). Accordingly, the petitioner is entitled to no relief. *See also In re J.B.*, No. 24-633, 2025 WL 3083063 at *2 (W. Va. Nov. 4, 2025) (memorandum decision) (finding that despite the DHS's failure to conduct MDT meetings, due to the father's demonstrated noncompliance and lack of participation, such error did not warrant vacation of the dispositional order).

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 7, 2025, order is hereby affirmed.

Affirmed.

**ISSUED**: March 24, 2026

**CONCURRED IN BY**:

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III